IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LARRY E. WEBSTER, JR., <br> *Plaintiff,* <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, KAREN GIDDINGS, CZARNOWSKI DISPLAY SERVICE, INC., TRUMBULL INSURANCE, GALLAGHER BASSETT SERVICES, INC., RITSEMA LAW FIRM, TAMA LEVINE, PAUL FELD, JACK ANDRADE, STACY REBER, MICHELLE ATKISSON, KELLY CHERF, BRITTNEY BRATTON, JOSEPH MERKEL, DOUG STRATTON, WHITNEY THORP, <br> *Defendants.* | 6:22-CV-913-ADA-DTG |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendants Kilol Kijakazi and Whitney Thorp's Motion to Dismiss (ECF No. 10) and Defendants Czarnowski Display Service, Inc., ("Czarnowski"), Karen Giddings, Kelly Cherf, Brittney Bratton, Gallagher Bassett Services, Inc., Jack Andrade, Stacey Reber, Michelle Atkisson, and Trumbull Insurance Company, and Ritsema Law, LLC, Tama Levine, Paul Feld, and Doug Stratton's Motion to Dismiss (ECF No.

1

107). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**.

## I.  FACTUAL BACKGROUND

This case is related to other cases pending in this Court. Plaintiff initiated this suit in the 74th Judicial District Court, McLennan County, Texas. ECF No. 1-1. Defendant Czarnowski timely removed the case on August 23, 2022. Notice of Removal, 6:22-cv-882-ADA, ECF No. 1 (W.D. Tex. Aug. 23, 2022). Defendant Czrnowski's removal was docketed as *Webster v. Giddings et al.*, Civil Action No. 6:22-cv-882-ADA. On September 7, 2022, the United States filed a notice of removal for the same state-court case under 28 U.S.C. § 1442(a)(1). ECF No. 1 at 2. Rather than being consolidated with Civil Action No. 6:22-cv-882, the United States' removal was opened as a new civil action.

This Court previously dismissed the first-removed case. On November 10, 2022, in the first removed case, Civil Action No. 6:22-cv-882, Magistrate Judge Manske recommended that Plaintiff's entire case against all defendants be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Webster*, Civil Action No. 6:22-cv-882-ADA, ECF No. 63 at 2-5. The Court found that Plaintiff's claims were an attempt to collaterally attack a final judgment that resulted from Plaintiff's earlier appeal of a denial of disability benefits. *Id*. at 2. As such, the Court found that Plaintiff's claims against the Commissioner of Social Security were barred by res judicata. *Id.* at 4. The Court also determined that Plaintiff failed to state claims against the other defendants that rose above the speculative level. *Id.* at 5. As a result, the Court recommended that Plaintiff's case be dismissed. *Id*. On December 2, 2022, the District Judge adopted the Magistrate Judge's recommendation and dismissed that case. *Webster*, Civil Action No. 6:22-cv-882-ADA, ECF No. 78. Despite the dismissal, however, Plaintiff has continued to file motions in that case. *See*

2

*Webster*, Civil Action No. 6:22-cv-882-ADA, ECF Nos. 79, 80, 83, 84, 85, 87, 88, 106, 107, 109, 113, 114, 117, 118, 119, 120, 122, 123, 126, 131, 142, 143, 154, 155, 159, 160, 161, 162, 163, 164, 166, 167, 168, 170, 171, 175, & 176.

## II.  DISCUSSION

Defendants Commissioner and Thorp move to dismiss Mr. Webster's complaint under Rule 12(b)(1) on the grounds of sovereign immunity. *See generally* ECF No. 10. The United States and its agencies have sovereign immunity from suit unless Congress has specifically consented to the suit. *Block v. North Dakota ex rel. Bd of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Here, Mr. Webster is suing two employees of the Social Security Administration, and he bears the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The Court has thoroughly reviewed Mr. Webster's complaint and his response to Defendants Commissioner and Thorp's motion to dismiss. Mr. Webster does not identify any waiver of sovereign immunity or respond to Defendants' arguments regarding sovereign immunity. *See* ECF Nos. 15 and 16. This failure alone mandates dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Freeman*, 556 F.3d at 334.

The remaining Defendants argue that dismissal is warranted under Rule 12(b)(6). *See generally* ECF No. 107. Defendants explain that this case is based on a second removal of the state court petition in Civil Action No. 6:22-cv-00882-ADA. The Court previously dismissed *all* claims raised in the state court petition as frivolous. *Webster*, Civil Action No. 6:22-cv-00882-ADA, ECF No. 63 at 3-5 (W.D. Tex. Nov. 10, 2022), *report and recommendation adopted* ECF No. 78 (W.D. Tex. Dec. 2, 2022). But here, shortly after Defendant Czarnowski removed the originally filed state court case (resulting in Civil Action No. 6:22-cv-882), but before Judge Albright dismissed the -882 case on December 2, 2022, the United States filed a separate removal on September 8,

3

2022, pursuant to 28 U.S.C. § 1442(a)(1). Defendants argue that after the first removal, the state court was divested of jurisdiction and the case was no longer eligible for the second removal by the United States. ECF No. 107 at 4 (citing *Allman v. Hanley,* 302 F.2d 559, 562 (5th Cir. 1962)). Therefore, Defendants argue the second removal was of no legal effect. *Id.* Notwithstanding any legal effect of the second removal, Defendants request the Court take judicial notice of the Court's prior dismissal of all claims stemming from the identical state court petition in the -882 case and reach the same result here.

The Court does not determine the legal effect of the second removal but agrees with Defendants that the Court is bound by its prior decision in the -882 case because the facts and legal claims are identical. Accordingly, the Court must, and does, find that (1) Plaintiff's claims against the Commissioner are barred by issue preclusion; and (2) Plaintiff fails to state a claim against all remaining defendants. Accordingly, Plaintiff's claims should be **DISMISSED WITH PREJUDICE.**

The Court also cautions Plaintiff in light of his voluminous docket activity. Excluding the present case, Mr. Webster has brought three actions since 2021—all dismissed as frivolous. *See Webster v. Kijakazi*, Civil Action No. 6:21-cv-00910-ADA, ECF No. 16 (W.D. Tex. Jan. 7, 2022), *Webster v. Giddings*, Civil Action No. 6:22-cv-00882-ADA, ECF No. 78 (W.D. Tex. Dec. 7, 2022), *Webster v. Davuluri*, Civil Action No. 6:24-cv-00294-ADA, ECF No. 15 (W.D. Tex. June 20, 2024). Over the course of his litigation, Mr. Webster has burdened this Court and other parties with hundreds of filings. For example, *after* the Court dismissed Mr. Webster's most recent case, Mr. Webster filed nine motions seeking various relief, including a "Motion to Object the District Judge Recommendation and Grant a Jury Trial and or award and the Finding of Fact and conclusion of Law Under Tex. R. Civ. P. 296." Civil Action No. 6:24-cv-00294-ADA, ECF 19.

As noted above, in Civil Action No. 6:22-cv-00882-ADA, Mr. Webster submitted one hundred post-dismissal filings, including nearly forty motions. In the present case, Mr. Webster has submitted more than thirty motions seeking miscellaneous relief.

Mr. Webster is warned that continuing to make such voluminous filings might result in him having his ability to continue filing cases and pleadings restricted. A district court may impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 187 (5th Cir. 2008). This sanction may be appropriately applied to a *pro se* litigant with a history of vexatious filings. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). In determining whether it should impose a pre-filing injunction, a district court must weigh all relevant circumstances, including: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum*, 513 F.3d at 189. Based on the above-described conduct, the Court finds that Mr. Webster meets each of these four criteria and warns Mr. Webster against continuing to behave this way.

Mr. Webster is cautioned and warned against making any further frivolous filings. Doing so will result Mr. Webster being declared a vexatious litigant and enjoined from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas. *See Baum*, 513 F.3d at 189; *see also Garza v. Villa*, No. SA-23-CV-00631-JKP, 2023 WL 5846805, at *3 (W.D. Tex. Sept. 1, 2023).

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **GRANT** Motion to Dismiss (ECF No. 10) and **GRANT** Motion to Dismiss (ECF No. 107) and **DISMISS** this case **WITH PREJUDICE**. It is further recommended that upon adoption of this Report and Recommendation all other motions pending in this case be **DENIED** as **MOOT**.

**It is finally RECOMMENDED that Plaintiff Larry E. Webster, Jr. also be warned against making additional frivolous filings as he will be declared a vexatious litigant and prevented from filing any future civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas.**

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 12th day of November, 2024.

                                              DEREK T. GILLILAND
                                              UNITED STATES MAGISTRATE JUDGE